UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

GLORIA ANTON                                    CIVIL ACTION

v.                                              NO. 11-1122

CHARLES A. ROBINSON and                         SECTION "F"
ROBINSON'S ANTIQUES

<u>ORDER AND REASONS</u>

Before the Court is the defendants' motion to dismiss for lack
of subject matter jurisdiction and failure to state a claim upon
which relief can be granted.  For the reasons that follow, the
motion to dismiss is DENIED and the Court orders supplemental
papers addressing referral of this matter to the bankruptcy court.

## **Background**

This lawsuit arises from the alleged breach of a consignment
agreement by an antique dealer operating on Bourbon Street.  Gloria
Anton consigned merchandise valued at $170,000 to Charles Robinson
and Robinson's Antiques in 1996.  Since then, Robinson's Antiques
has paid Ms. Anton $73,437 for the items sold; the last payment
received for a sale of consigned merchandise was on June 27, 2006.
In July 2010 Ms. Anton contacted Mr. Robinson to inquire about the
status of the unsold merchandise; Mr. Robinson said he would
purchase the unsold merchandise himself and send Ms. Anton a check
for its value.  He never did.

 Despite Ms. Anton's demand, Mr. Robinson has failed to provide

1

a written accounting including a descriptive list of her inventory currently in his antique store's custody, a list of all items sold and the sale prices, and an explanation of the current whereabouts, status and condition of any unsold items.  None of the unsold items have been returned to Ms. Anton.

On May 11, 2011 Ms. Anton sued Charles Robinson and Robinson's Antiques, invoking this Court's diversity jurisdiction, asserting a claim for breach of contract.  Ms. Anton demands specific performance of the consignment agreement (and damages for delay in performance) or, in the event the unsold merchandise is no longer in the defendants' custody, she seeks to recover damages including the value of the merchandise, as well as damages for bad faith conduct and non-pecuniary damages for inconvenience, anxiety, mental anguish and emotional distress.  The defendants now seek to dismiss the complaint on two grounds (1) that this Court lacks subject matter jurisdiction because Robinson is a debtor in a Chapter 7 bankruptcy case filed on July 8, 2009 and, therefore subject matter jurisdiction has been delegated to the bankruptcy court; and (2) the complaint fails to state a claim upon which relief may be granted because it is a violation of the automatic stay of 11 U.S.C. § 362 and, accordingly, is the equivalent of a nullity.

I.

*A.*

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to seek dismissal of a lawsuit for lack of subject matter jurisdiction.  Indeed, a lawsuit must be dismissed if it appears that the Court lacks subject matter jurisdiction. See Fed.R.Civ.P. 12(b)(1), (h)(3).  "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."  Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998).  The party asserting jurisdiction bears the burden of establishing the Court's subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co. Of America, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994); Stockman v. Federal Election Commission, 138 F.3d 144, 151 (5th Cir. 1998); Villarreal v. Smith, 201 Fed.Appx. 192 (5th Cir. 2006)(citing De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993)).

It is apparent from the face of the complaint that this Court has subject matter jurisdiction under 28 U.S.C. § 1332.  Diversity jurisdiction requires complete diversity between the plaintiffs and all of the properly joined defendants, and the amount in controversy must exceed $75,000.  See 28 U.S.C. § 1332.  Here, the plaintiff alleges that she is a citizen of Michigan and that the defendants are citizens of Louisiana.  The plaintiff further

3

alleges that the amount in controversy, the value of the merchandise she seeks to recover, exceeds $75,000.

The defendants do not appear to dispute that this Court has original subject matter jurisdiction based on 28 U.S.C. § 1332. Rather, the defendants contend that subject matter jurisdiction has been delegated to the bankruptcy court because the plaintiff's claim is related to Mr. Robinson's pending bankruptcy proceeding, In re: Charles A. Robinson, Case Number 09-12041, pending in the U.S. Bankruptcy Court for the Eastern District of Louisiana.  The defendants maintain that the plaintiff's ability to recovery should be determined by the bankruptcy court as part of the administration of the bankruptcy estate of Charles Robinson.  The plaintiff contends that this Court has original jurisdiction over all civil cases arising under or related to cases under the bankruptcy code pursuant to 28 U.S.C. § 1334, and adds that this matter is only loosely associated with Robinson's bankruptcy proceeding and that the bankruptcy court lacks the constitutional authority to render final judgments on state law contract claims.

*B.*

The defendants also invoke another ground for dismissal. Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Such a motion is rarely granted because it is viewed with disfavor.  See Lowrey v. Tex. A & M Univ.

Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum &

Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050

(5th Cir. 1982)).  In considering a Rule 12(b)(6) motion, the Court

"accepts 'all well-pleaded facts as true, viewing them in the light

most favorable to the plaintiff.'"  See Martin K. Eby Constr. Co.

v. Dallas Area Rapid Transit, 369 F.3d 464 (5th Cir. 2004) (quoting

Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)).   But, in

deciding whether dismissal is warranted, the Court will not accept

conclusory allegations in the complaint as true.  Kaiser Aluminum

& Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045,

1050 (5th Cir. 1982).  Indeed, the Court must first identify

pleadings that are conclusory and, thus, not entitled to the

assumption of truth. Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct.

1937, 1949 (2009). A corollary: legal conclusions "must be

supported by factual allegations." Id. at 1950. Assuming the

veracity of the well-pleaded factual allegations, the Court must

then determine "whether they plausibly give rise to an entitlement

to relief." Id.

     "'To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d

600, 603 (5th Cir. 2009)(quoting Iqbal, 129 S.Ct. at 1949

(2009))(internal quotation marks omitted).  "Factual allegations

must be enough to raise a right to relief above the speculative

level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks, citations, and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (citing Twombly, 550 U.S. at 557) (internal quotations omitted).

In deciding a motion to dismiss, the Court may consider documents that are essentially "part of the pleadings" -- that is, any documents attached to or incorporated in the plaintiffs' complaint that are central to the plaintiff's claim for relief. Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)). Also, the Court is permitted to consider matters of public records and other matters subject to judicial notice without converting a motion to dismiss into one for

summary judgment.   See <u>United States ex rel. Willard v. Humana</u>

<u>Health Plan of Texas Inc.</u>, 336 F.3d 375, 379 (5th Cir. 2003).

In support of invoking Rule 12(b)(6) as a ground for

dismissal, the defendants contend that the plaintiff's complaint is

a violation of the automatic stay of 11 U.S.C. § 362 and, as such,

is a nullity and no relief can be granted.   The plaintiff counters

that the automatic stay was lifted when Mr. Robinson was discharged

from bankruptcy on September 23, 2010.[1]

II.

The Court finds that the defendants have not carried their

burden of showing that this matter should be dismissed either for

lack of subject matter jurisdiction or for failure to state a

claim.   However, it does appear to the Court that Ms. Anton's

claims are related to Mr. Robinson's bankruptcy proceeding,[2] <u>In re:</u>

---

[1]The bankruptcy proceeding, however, is not closed. Although Mr. Robinson was discharged, form language on the back of the discharge order makes clear that, although the bankruptcy court has granted a discharge to the person named as debtor (Mr. Robinson), "[i]t is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.... The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged.   Most, but not all types of debts are discharged if the debt existed on the date the bankruptcy case was filed...."   The parties do not address the issue but it seems that perhaps Mr. Robinson did not list Ms. Anton's claim as a debt; whether this constitutes a debt that has not been discharged cannot be determined without further development.

[2]Indeed, Ms. Anton suggests that some of her antiques may have been sold at auction during the course of Mr. Robinson's bankruptcy proceeding.

<u>Charles A. Robinson</u>, Case Number 09-12041, pending in the U.S. Bankruptcy Court for the Eastern District of Louisiana. Unfortunately, the papers addressing referral of this matter are inadequate.   Accordingly, IT IS ORDERED: that the defendants' motion to dismiss is DENIED. IT IS FURTHER ORDERED: that the parties submit supplemental papers, properly supported, addressing whether this matter should or must be referred to the bankruptcy court and, if so, address the proper procedures to effect referral; the supplemental papers must be submitted simultaneously no later than August 11, 2011.[3]

New Orleans, Louisiana, July 20, 2011

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[3]In the event that the parties agree that this matter should be referred to the bankruptcy court and agree on the procedure for effecting referral, a joint motion, properly supported, may be submitted instead of supplemental papers.